

U.S. District Court
Wisconsin Eastern

JUN 23 2017

FILED
Stephen C. Dries, Clerk

UNITED STATES OF AMERICA

    V.

**CHRISTOPHER A. CHAMPINE**

(DOB: xx/xx/82)

### CRIMINAL COMPLAINT

CASE NUMBER: 17-m-658

 

I, Steve Curran, the undersigned complainant, being duly sworn, states the following is true and correct to the best of my knowledge and belief. Beginning in approximately March of 2017 and continuing until on or about June 23, 2017, in the State and Eastern District of Wisconsin, Christopher A. Champine, did as follows: conspire to distribute and possess with the intent to distribute methamphetamine in violation of Title 21, United States Code, Section 846 and 841(b)(1)(A), carry a firearm in furtherance of a drug trafficking crime, contrary to Title 18, United States Code, Section 924(c), brandish a firearm in furtherance of a crime of violence, contrary to Title 18 United States Code, Section 924(c), and kidnap N.S. contrary to Title 18, United States Code, Section 1201(a)(1);

I further state that I am a Special Agent with the United States Drug Enforcement Administration and this complaint is based on the following facts:

Please see the attached affidavit.

Continued on the attached sheet and made a part hereof:    _X_ Yes    ___ No

Signature of Complainant
Steve Curran

Sworn to before me and subscribed in my presence,

_June 23, 2017_
Date

at Green Bay, Wisconsin

The Honorable James R. Sickel
United States Magistrate Judge
**Name & Title of Judicial Officer**

Signature of Judicial Officer

I, Steve Curran, hereby depose and state as follows:

1.      I am a Special Agent with the Drug Enforcement Administration, and have been since 2000.  I have specialized training and experience in narcotics smuggling and distribution investigations.  During my tenure with the DEA, I have participated in over 100 narcotics investigations, and have authored over 50 affidavits supporting wire and electronic intercepts, criminal complaints, and search and seizure warrants.  I have debriefed more than 100 defendants, informants, and witnesses having personal knowledge regarding major narcotics trafficking organizations.  I am familiar with narcotics traffickers' methods of operation including the distribution, storage, importation, and transportation of narcotics, the collection of money which represents the proceeds of narcotics trafficking, and money laundering.

2.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses whom I believe to be truthful and reliable.  This affidavit is intended to show merely that there is sufficient probable cause to believe that Christopher A. Champine has committed violations of federal law in the State and Eastern District of Wisconsin.  This affidavit does not set forth all of my knowledge about this investigation.

3.      On May 15, 2017, the Brown County Drug Task Force conducted a controlled buy of suspected methamphetamine from Christopher A. Champine.   Officers received approximately 1 gram of what appeared to be methamphetamine in exchange for $120. The suspected controlled substance was subsequently field-tested and came back positive for methamphetamine.

4.      On June 1, 2017, Narcotics Investigator Michael Horst of the Brown County Drug Task Force spoke with Christopher Maccani who made statements against his penal interest which I believe to be truthful and reliable. Maccani stated that from approximately Summer of 2016 until June of 2017, he was engaged in the business of distributing approximately 20 lbs. of methamphetamine in the State and Eastern District of Wisconsin, and more specifically, Green Bay. Maccani further stated that he is familiar with Christopher A. Champine and that Champine had distributed methamphetamine on his behalf during this time period. Maccani would "front" methamphetamine to Champine once or twice a week between March and June of 2017 in quantities of between 3.5 grams and 28 grams (1 ounce). Champine would sell the drugs and return the proceeds to Maccani. Additionally, Maccani described an incident involving an individual N.S. which occurred in the early Spring of 2017 at the Oneida Casino in Green Bay. Maccani stated that he arranged a delivery of methamphetamine with N.S. which was to occur in a bathroom at the casino. N.S. and he exchanged text messages to confirm the delivery would occur. The last text message from N.S. indicated that he (N.S.) was on his way into the bathroom. However, instead of N.S., an individual unknown to Maccani entered the bathroom and struck him in the head while attempting to steal his quantity of methamphetamine. Maccani believed that N.S. had "set him up."

Soon thereafter, Maccani informed Christopher A. Champine that N.S. had set him up and told Champine "that if he ran into (N.S.), he wouldn't mind it if he punched him around a little bit." Maccani further told Champine that he would compensate him with money or methamphetamine if he confronted N.S. Based on this conversation, on May 14, 2017 at 3:47 a.m., N.S. was lured to an empty lot at 420 South Broadway, Green Bay, Wisconsin, where he was confronted by Champine and another individual known to law enforcement. Affiant has viewed a video recorded by Champine depicting this confrontation. In that video, I observed Christopher A. Champine in possession of a camouflage colored AR-15 which he appears to brandish in order to intimidate N.S. and force him to the ground. While N.S. was on the ground, I heard and observed Champine confront N.S. about the attempted "rip-off" of

Maccani at the Oneida Casino and tell him "when you fuck with him (Maccani) you wind up in a fucking ditch." Further, I observed Champine order N.S. to remove the contents of his wallet in order to give it to Maccani. Towards the end of the video, I observed Champine appear to strike N.S. in the head causing blood to form around his mouth and face. In this video, I also heard and observed Champine threaten N.S.'s life, threaten to shoot him, and express his distaste for "burying people." Based on my training and experience as a law enforcement officer, the exchange depicted in the video was a clear attempt to extract revenge as well as intimidate N.S. in the future.

Furthermore, I am aware that the camouflage rifle depicted in the video is a firearm, as the Oconto Sheriff's Office was dispatched to a report of automatic gunfire on May 11, 2017, and encountered Christopher A. Champine with a camouflage AR-15 rifle. The deputy took note of the serial number and ran an NCIC check to determine if the rifle was stolen. Furthermore, I am also aware that Green Bay Police Officer Allen conducted a traffic stop on Christopher A. Champine on June 8, 2017, at 1314 Reed Street in the City of Green Bay. During that traffic stop Champine informed him that he had the upper receiver for a AR-15 in his vehicle. That upper receiver was camouflage in nature.

5.      On June 22, 2017, at approximately 11:05 p.m., Christopher A. Champine, was taken into custody by members of the Brown County Drug Task Force. A subsequent search of his person and vehicle yielded: 2.96 grams of methamphetamine, one loaded firearm, two loaded AR-15 rifle magazines and other items of drug paraphernalia.

June 22, 2017, at 10:55 p.m., Champine departed 1150 Pinecrest Road in his Kia (GARD98).  At 11:05 p.m., Champine was taken into custody at the Maplewood Shell Gas Station located at 4720 Milltown Road in the Village of Howard, Brown County, Wisconsin. At the time of his arrest, Champine was in the driver seat of his running white Kia car with Florida plate: GARD98.

Brown County Drug Task Force Investigator Luberda located a handgun sitting on the center console of the white Kia (GARD98) next to the shifter. The weapon turned out to be a Taurus .380 semi-auto handgun with a magazine that was loaded with six bullets.  The firearm was rendered secure on scene and the magazine with bullets were removed.  There was no bullet located in the chamber of the weapon. Brown County Drug Task Force Investigator Buresh located a plastic bag that contained 2.25 grams of suspected methamphetamine in the driver door handle of the white Kia. All methamphetamine recovered was field-tested and came back positive for the presence of methamphetamine.

I am aware based on my training and experience that individuals engaged in the distribution of controlled substances often use firearms as "tools of the trade" to protect their drugs, money, and for self-protection.

6.    Based on the aforementioned facts, there is probable cause to believe that Christopher A. Champine violated Title 21 United States Code Sections 846 and 841(b)(1)(A) conspiracy to distribute and possess with intent to distribute methamphetamine, a schedule II controlled substance, as well as Title 18 U.S.C. 924 (c), for carrying a firearm in relation to a drug trafficking crime, Title 18 U.S.C. 924(c) for brandishing a firearm during a crime of violence, and Title 18 U.S.C. 1201(a)(1), kidnapping.

Special Agent Steve Curran

Drug Enforcement Administration

Subscribed and sworn before me this ___23___ day

of ___June___, 2017.

The Honorable James R. Sickel

United States Magistrate Judge